# IN THE COURT OF APPEALS
## OF THE
## STATE OF MISSISSIPPI
### NO. 1999-KA-01867-COA

SHONE PRYOR A/K/A SHONE CRAIG PRYOR                    APPELLANT

v.

STATE OF MISSISSIPPI                                                        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 09/28/1999 |
| TRIAL JUDGE: | HON. JOHN T. KITCHENS |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | DAN W. DUGGAN, JR. |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY:  WAYNE SNUGGS |
| | JEFFREY A. KLINGFUSS |
| DISTRICT ATTORNEY: | RICHARD D. MITCHELL |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| TRIAL COURT DISPOSITION: | 09/28/1999: BURGLARY OF A DWELLING HOUSE: SENTENCE TO 25 YEARS IN MDOC |
| DISPOSITION: | AFFIRMED - 07/18/2000 |
| MOTION FOR REHEARING FILED: | 7/31/2000; denied 9/19/2000 |
| CERTIORARI FILED: | 10/3/2000; denied 11/22/2000 |
| MANDATE ISSUED: | 12/13/2000 |

BEFORE SOUTHWICK, P.J., IRVING, AND PAYNE, JJ.

PAYNE, J., FOR THE COURT:

¶1. Shone Pryor was indicted for and convicted of burglary of a dwelling in the Circuit Court of Rankin County on September 28, 1999 and sentenced to serve a term of twenty-five years in the custody of the Mississippi Department of Corrections. He appeals asserting a single issue:

**THE TRIAL COURT ERRED BY FAILING TO GRANT DEFENDANT'S MOTION FOR DIRECTED VERDICT AND MOTION FOR JUDGMENT NOTWITHSTANDING THE VERDICT AND/OR THE VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE.**

### STATEMENT OF FACTS

¶2. On the morning of October 5, 1998, Deborah Roberts looked out her living room window and observed two men pacing on the street in front of her neighbor, Barbara Alfaro's, home. She watched as one man walked to the house and knocked on the front and back doors while the other man remained on the street. She was concerned by this behavior and called the Pearl Police Department. She then observed

the man at the front door remove something from his left side and stick it toward the doorknob. After observing this action, Roberts called the Police a second time. Before a patrol car responded, she watched both men enter the house.

¶3. Captain George Burgess and Lieutenant Tobe T. Ivey responded to the call. Burgess saw double doors to the front entrance were open but the dead-bolt was still in an extended position. Burgess testified that this indicated the doors had been forced open while the dead-bolt was extended to lock the doors. Burgess entered the house and walked down a hallway to the master bedroom where he found Kenneth Jordan. Jordan was later separately indicted, and he was not tried in the present action. Jordon told Burgess that the house was his relatives' residence and they were there to get something to eat. Continuing their search, Burgess and Ivey found Pryor in the master bedroom's bath. Pryor told the officers that they were there to get food. Burgess noticed that in the bedroom, drawers were open and items were scattered on the dresser and bed. Further, he testified that the kitchen was at the totally opposite end of the house from the master bedroom.

¶4. Alfaro testified that she knew her house had been broken into because of the broken doors and still set dead-bolt. She also stated that while nothing had been taken from the home, someone other than herself opened the drawers and removed items, and she had not given anyone permission to be inside her house.

¶5. The defense requested a directed verdict following Alfaro's testimony, and the directed verdict was denied. The defense then called Charlene McIntyre who testified that Jordan had come to her house earlier in the day and asked Pryor to go with him to a relative's house to get some food. Following this testimony, the case went to the jury and a guilty verdict was returned.

## STANDARD OF REVIEW

¶6. Pryor contends the trial court should have granted his motion for a judgment notwithstanding the verdict (JNOV) or have granted him a new trial. A motion for JNOV deals with sufficiency of the evidence; our standard of review concerning the trial court's denial of JNOV is described in *McClain v. State,* 625 So. 2d 774 (Miss. 1993):

> In appeals from an overruled motion for JNOV the sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with McClain's guilt must be accepted as true. The prosecution must be given the benefit of all favorable inferences that may be reasonably drawn from the evidence . . . . We are authorized to reverse only where, with respect to one or more of the elements of the offense charged, the evidence so considered is such that reasonable and fair-minded jurors could only find the accused not guilty.

*McClain,* 625 So. 2d at 778 (citations omitted).

¶7. A motion for new trial deals with the weight of the evidence; our standard of review regarding a motion for new trial is also stated in *McClain:*

> Matters regarding the weight and credibility of the evidence are to be resolved by the jury . . . .

> Moreover, the challenge to the weight of the evidence via motion for a new trial implicates the trial court's sound discretion. Procedurally such challenge necessarily invokes [Uniform Circuit and County Court Rule 10.05]. New trial decisions rest in the sound discretion of the trial court, and the

motion should not be granted except to prevent an unconscionable injustice. We reverse only for abuse of discretion . . . .

*McClain,* 625 So. 2d at 778-81 (citations omitted).

## ANALYSIS OF THE ISSUE PRESENTED

¶8. In considering the denial of a JNOV we look to the sufficiency of the evidence to determine whether a reasonable, fair-minded juror could have arrived at the same verdict. The essence of Pryor's argument is that the evidence was insufficient to prove that he entered the house with the intent to commit larceny, and that at most he could only have been convicted of trespass. Burglary of a dwelling requires two elements: unlawful breaking and entering and intent to commit a crime once entry has been obtained. Miss. Code Ann. § 97-17-23 (Supp. 1999) Pryor concedes the issue of breaking and entering, but he contends that the evidence could not support a finding he entered with the intent to unlawfully take something. He asserts "Jordan and Pryor were in the house to eat. Just because they were coming from the bedroom/bathroom area does not prove that they were in the house with intent to steal and permanently deprive the owner of any goods."

¶9. This argument misstates the legal standard at issue. The jury is free to draw all reasonable inferences, and an appellate court will not review which of any possible inferences was the most reasonable. *Groseclose v. State*, 440 So. 2d 297, 300 (Miss. 1983). Roberts' testimony concerning how Pryor and Jordan behaved while one of them knocked on the doors to the house, while the other waited by the street, could infer a concerted effort by Pryor and Jordan to first ascertain no one was home before entering the home. Moreover, Pryor was found in a room at the opposite end of the house from the kitchen, and according to Alfaro's testimony, someone who had no permission to be in the house had opened drawers and removed her belongings from them. From this evidence the jurors could have fairly inferred intent to commit larceny. A motion for a JNOV does not permit a trial or appellate court to re-weigh the evidence. It is sufficient if evidence was introduced to support all of the factual findings necessary to meet the burden of proof. *McClain*, 625 So. 2d at 778 (citations omitted). Such evidence was introduced in this case. There was no error in denying the motion for a JNOV.

¶10. Additionally, Pryor argues he was improperly denied a new trial. It is the province of the jury to weigh the evidence. As stated above, we examine the weight of the evidence in evaluating the trial judge's overruling of the motion for a new trial and only reverse where an unconscionable result has occurred. *McClain,* 625 So. 2d at 781 (citations omitted). Nothing in the record or briefs suggests any unconscionable result. To the contrary, the verdict is supported by credible evidence. As such, there was no error in denying the motion for a new trial.

¶11. Reviewing the evidence against Pryor, sufficient and credible evidence supported the verdict and no unconscionable injustice is present. The motions for a JNOV and a new trial were properly denied.

¶12. **THE JUDGMENT OF CIRCUIT COURT OF RANKIN COUNTY OF CONVICTION OF BURGLARY OF A DWELLING HOUSE AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.**

**McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE,**

**AND THOMAS, JJ., CONCUR. MYERS, J., NOT PARTICIPATING.**