McMILLIN, C.J.,
for the Court.
¶ 1. Robert Bernardini was convicted of capital murder in the death of his nineteen month old stepdaughter, Rachel Mackenzie Scruggs. He has appealed that conviction and asserts two grounds upon which he urges this Court to overturn his conviction. First, he contends that the trial court erred in failing to suppress an incriminating statement that he gave to investigating officers at a time when he was in custody. Secondly, he claims that he was denied a fundamentally fair trial asserting that (a) the prosecutor’s summation amounted to a constitutionally-impermissible comment concerning his constitutional right to remain silent as to the charges made against him, and (b) the prosecutor’s summation was based upon facts not in evidence.
¶ 2. We find thesé^ issues to be without merit and affirm the conviction.
*? I.
Facts
¶ 3. Bernardini’s stepdaughter died of trauma injuries suffered while she was in the sole care of Bernardini. Bernardini sought to explain the trauma as consisting of injuries received when the child fell from a chair while Bernardini was tending to a second child in another room in the home. The State presented expert testimony regarding the extent of the child’s injuries and evidence tending to show that the injuries were not consistent with a simple fall. Bernardini was indicted for capital murder with felony child abuse being the underlying felony. He was convicted and sentenced to life in prison.
II.
Suppression of Statement
¶ 4. After Bernardini was taken into custody as a suspect in the child’s death, he gave a statement to investigating officers. Prior to trial, counsel for the defendant sought to have the statement suppressed as being an involuntary statement made as a result of coercive tactics by the interrogating officer. The trial court declined to suppress the statement. Despite this finding that the statement was admissible, the prosecution did not attempt to offer it into evidence during its case in chief. Bernardini, however, did not take the stand in his own defense after the State rested, and he asserts in this appeal that he did not do so because of apprehension that the prosecution would use the inadmissible statement to impeach him on cross-examination.
¶ 5. Bernardini cites the Court to no authority for the proposition that the mere fear that a previously-unintroduced statement might be used in cross-examination works to deny -him a fundamentally fair trial by intimidating him from taking the stand in his own defense. In a somewhat related circumstance, there is at least the possibility that a trial court’s erroneous decision that a prior conviction may be used to impeach a testifying defendant may serve as such a deterrent that it will be seen as reversible error because of the chilling effect that ruling has on the defendant’s decision to testify. Heidelberg v. State, 584 So.2d 393, 395 (Miss.1991). However, the issue of a previously-made incriminating statement presents a different question. In the matter of a prior conviction, the defendant may unequivocally keep that evidence from the jury by not taking the stand since the conviction is admissible only for purposes of impeaching the defendant’s credibility under Mississippi Rule of Evidence 609(a). On the other hand, once the trial court rules that a custodial statement is admissible, the State has the opportunity to offer it into evidence without regard to whether the defendant takes the stand. In this case, the State, for reasons that do not appear in the record, elected not to offer the statement into evidence. It is purely speculative to suggest that the State would have attempted to belatedly offer the statement after ending its case in chief and then only if the defendant, Bernardini, took the stand in his own defense. Thus, because the trial court determined the statement to be admissible as bearing directly on the central issue of the defendant’s guilt rather than for some alternate and limited purpose such as witness impeachment, the court’s ruling cannot be seen as having any chilling effect on Bernardini in deciding whether or not he should take the stand in his own defense. This issue is without merit.
III.
Summation
¶ 6. During summation, the prosecuting attorney made'reference to evidence that *693 the child’s face bore a bruise resembling the general shape of a human hand, indicating that the child had received a violent open-handed blow before her death. The attorney suggested to the jury that this fact, coupled with the uncontradicted evidence that Bernardini had sought assistance for the child, indicated that he had lost his temper and inflicted a terminal injury on the child before recovering his sensibilities enough to realize that he had made a tragic error in judgment.
¶ 7. Without citing any authority, Bernardini contends that this was an impermissible comment on his failure to testify' — apparently based on the contention that, if there were a better explanation of what had transpired, then Bernardini, being the only one who could relate that alternate version to the jury, would certainly have been expected to do so. We do not find that contention persuasive. There was no direct assertion that the defendant should have testified. The question, then, becomes whether the statement crossed the line that prohibits the prosecution from “referring by innuendo and insinuation to the defendant’s failure to testify.” Ladner v. State, 584 So.2d 743, 754 (1991). The argument was a fairly straight-forward analysis of the available evidence and invited the jury to draw what seems an entirely reasonable inference from that evidence. It was unaccompanied by any comment along the lines of “... and you have not heard any evidence to the contrary ...which the Mississippi Supreme Court has found prejudicial in those circumstances where it is evident that the defendant is the only person who could supply such contradictory-proof. Jones v. State, 669 So.2d 1383, 1390 (Miss.1995). We find this contention, therefore, to be without merit.
¶ 8. Alternatively, Bernardini asserts that the claim that he lost his temper was improper summation. This argument begins with the correct premise that final argument must be limited to analysis of the evidence actually presented at trial. Watts v. State, 828 So.2d 835, 840(¶ 9) (Miss.Ct.App.2000). It then proceeds to Bernardini’s contention that there was no testimony that he had lost his temper with the deceased child and the State was, therefore, arguing facts not in evidence. As we previously observed, the jury sitting as the finder of fact in a criminal trial is entitled to draw reasonable inferences from the evidence in reaching its decision. Pryor v. State, 771 So.2d 958, 960-61(¶ 9) (Miss.Ct.App.2000). The suggestion that the proof, showing beyond question that this child, prior to her death, received a violent open-handed blow to the face would support an inference that some adult with access to the child was acting out of extreme anger seems an entirely appropriate comment on the evidence and those reasonable inferences supported by the evidence that would aid the jury in arriving at a conclusion as to exactly what transpired in the time leading up to this victim’s death. We do not find this to constitute reversible error.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY OF CONVICTION OF CAPITAL MURDER AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ, CONCUR.