MYERS, P.J.,
for the Court.
¶ 1. Katrina Watson was convicted in the Circuit Court of Washington County of felony shoplifting by a jury verdict and sentenced to a term of five years in the custody of the Mississippi Department of Corrections. From that conviction she appeals raising the following issues:
I.THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTION TO AMEND THE INDICTMENT.
II. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO FELONY SHOPLIFTING DUE TO THE ERRORS IN THE INDICTMENT.
III. THE TRIAL COURT ERRED BY REFUSING TO GIVE DEFENDANT’S JURY INSTRUCTION NO. 3.
IV. THE TRIAL COURT ERRED IN DENYING DEFENDANT’S MOTION FOR A NEW TRIAL OR IN THE ALTERNATIVE A JUDGMENT NOTWITHSTANDING THE VERDICT.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. Katrina Watson and Kiywonneya Taylor entered the McRae’s department store in Greenville on November 30, 2002. The two were observed by the store employees in the loss prevention department, Craig Brown and Errol Celestine, using the concealed cameras inside the store. Watson and Taylor were seen selecting clothes in the dress department. They then split up and came back together with the selected items in the changing area of the store. Taylor then went into one of the changing rooms, with the clothing, while Watson waited outside.
¶4. Upon exiting the changing room, Taylor was carrying a large McRae’s shopping bag, but no clothing. Taylor proceeded to depart the store without paying for any of the merchandise. Taylor was detained and questioned by Celestine. Watson was found elsewhere in the store and was detained by Brown. When the McRae’s bag was emptied, eleven articles of clothing were found. None of these items had been purchased and had a total value of $487.
¶ 5. Taylor pled guilty. A trial was held in the Washington County Circuit Court *808 on July 23 and 24, 2004, where Watson was found guilty of felony shoplifting and sentenced to serve five years in the custody of the Mississippi Department of Corrections. From this conviction she appeals.
DISCUSSION
I. THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTION TO AMEND THE INDICTMENT.
¶ 6. Following selection of the jury the prosecution moved to amend the indictment as to form and not substance. The indictment was titled “Felony Shoplifting 97-23-93 (1 & 5) (over $250).” The amendment offered by the prosecution was to change section 5, which relates to merchandise less than or equal to $250, to section 7 dealing with merchandise over $250. The motion was granted and Watson was convicted of felony shoplifting. Watson argues that the indictment was by statute misdemeanor shoplifting and her offer to plead guilty to that charge should have been accepted. We do not agree.
¶ 7. The record reflects that the indictment provided Watson with notice that she had been charged with felony shoplifting. For an indictment to place a defendant on notice of the charges against her the indictment must meet the requirements of URCCC 7.06. This section states in part
The indictment upon which the defendant is to be tried shall be a plain, concise and definite written statement of the essential facts constituting the offense charged and shall fully notify the defendant of the nature and cause of the accusation. Formal and technical words are not necessary in an indictment, if the offense can be substantially described without them.
URCCC 7.06 (emphasis added).
¶ 8. Watson’s indictment clearly states that she is charged with felony shoplifting of items that have a value over $250 both in the title and in the body. The indictment states:
That KIYWONNEYA TAYLOR, and KATRINA WATSON, while acting together on the 30th day of November, 2002, in Washington County, did unlawfully, willfully and feloniously take possession of merchandise described as various items having a total and aggregate value of more than two hundred fifty dollars and owned or held by and offered or displayed for sale by McRae’s, a merchant, store or mercantile establishment, and they, the said KIYWONNEYA TAYLOR, and KATRINA WATSON, having taken possession of said merchandise with the intention of converting said merchandise to their own use without paying the merchant’s stated price .... (emphasis added).
This places Watson on notice that she has been indicted with taking items over $250 in value and that this is a felony. The amendment offered by the prosecution did not change the substance of the indictment only the form. This issue is without merit.
II. THE TRIAL COURT ERRED IN SENTENCING THE DEFENDANT TO FELONY SHOPLIFTING DUE TO THE ERRORS IN THE INDICTMENT.
¶ 9. Watson next argues that due to the errors in her indictment her sentence was improper. Finding no error in the indictment and that the sentence is within the statute, we do not agree.
¶ 10. At trial, Watson was convicted of felony shoplifting and sentenced to five years in the custody of the Mississippi Department of Correction under Mississippi Code Annotated § 97-23-93(7). If convicted under this statute, a defendant is to be punished as provided by Mississippi *809 Code Annotated § 97-17-41. A person convicted of felony shoplifting items with a value of $250 or more can be sentenced to a term in prison not to exceed five years. Miss.Code Ann. § 97-17-41(1)(a) (Rev.2000).
¶ 11. Watson was convicted of shoplifting $487 worth of items and sentenced to a term of five years. The sentence of five years in prison imposed on Watson does not exceed the maximum allowed by statute; therefore, it is not error. This issue is without merit.
III. THE TRIAL COURT ERRED BY REFUSING TO GIVE DEFENDANT’S JURY INSTRUCTION NO. 3.
¶ 12. As her third point of error, Watson argues that her No. 3 jury instruction should have been given to the jury. This instruction was an exact rendition of Mississippi Code Annotated § 97-23-93(2). This denial by the trial court was given due to the elements of shoplifting having been previously given in the prosecutions jury instruction No. 1.
¶ 13. A defendant is entitled to have an instruction on his theory of the case. Young v. State, 451 So.2d 208, 210 (Miss.1984); see also U.S. v. Conroy, 589 F.2d 1258, 1273 (5th Cir.1979), cert. denied, 444 U.S. 831, 100 S.Ct. 60, 62 L.Ed.2d 40 (1979). There is a limitation, however, because a trial judge may refuse an instruction which incorrectly states the law, is without foundation in the evidence, or is stated elsewhere in the instructions. U.S. v. Robinson, 700 F.2d 205, 211 (5th Cir.1983), appeal after remand, 713 F.2d 110, reh. den., 719 F.2d 404.
¶ 14. The prosecution’s jury instruction properly stated the law in the case at bar. Watson’s proposed instruction- did not raise any different theory of the case or other point of law not contained in the prosecution’s instruction. Additionally, the prosecution’s instruction is given in narrative format that can be more easily understood by the jury, as opposed to the exact quoting of the statute. This issue is without merit.
IV. THE TRIAL COURT ERRED IN DENYING DEFENDANT’S MOTION FOR A NEW TRIAL OR IN THE ALTERNATIVE A JUDGMENT NOTWITHSTANDING THE VERDICT.
¶ 15. As her fourth and final issue, Watson argues that her motion for a new trial or, in the alternative, a judgment notwithstanding the verdict should have been granted. She contends that the evidence against her consisted primarily of the videotape from the surveillance camera. We do not agree.
¶ 16. This Court reviews the denial of a motion for judgment notwithstanding the verdict and the denial of a motion for a new trial in the following manner:
This Court will consider the evidence in the light most favorable to the appellee, giving that party the benefit of all favorable inference that may be reasonably drawn from the evidence. If the facts so considered point so overwhelmingly in favor of the appellant that reasonable men could not have arrived at a contrary verdict, we are required to reverse and render. On the other hand if there is substantial evidence in support of the verdict, that is, evidence of such quality and weight that reasonable and fair minded jurors in the exercise of impartial judgment might have reached different conclusions, affirmance is required. The above standard of review, however, is predicated on the fact that the trial judge applied the correct law.
*810 Jackson v. State, 815 So.2d 1196(¶ 14) (Miss.2002). The motion for a new trial addresses the weight of the evidence. Conners v. State, 822 So.2d 290(¶ 6) (Miss.Ct.App.2001). The challenge to the weight of the evidence via motion for a new trial implicates the trial court’s sound discretion and the motion should not be granted except to prevent an unconscionable injustice. Id.
¶ 17. The evidence presented at trial included the videotape from the surveillance camera and the testimony of Brown and Celestine. The two witnesses testified that Watson was one of the two people seen on the video taking clothes into the changing rooms of the store. They testified to observing the actions of Watson and Taylor in the store and finding the items taken into the dressing room in the McRae’s bag. Watson did not present any evidence or testimony and did not take the stand. This evidence was sufficient to support the decision of the jury and we will not over turn its decision.
¶ 18. Finding no merit to this issue, we affirm.
¶ 19. THE JUDGMENT OF THE WASHINGTON COUNTY CIRCUIT COURT OF CONVICTION OF FELONY SHOPLIFTING AND SENTENCE OF FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WASHINGTON COUNTY.
KING, C.J., LEE, P.J., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, AND ROBERTS, JJ., CONCUR.