MAXWELL, J.,
for the Court:
¶ 1. Robert Ellis Boyd, a/k/a “Bo Diddly,” appeals his most recent felony-shoplifting conviction. He argues the trial court should have granted his motion for a new trial because the jury’s guilty verdict is contrary to the overwhelming weight of the evidence. Based on the evidence, which included a video of a man identified as Boyd stuffing two shirts into his pants and leaving the store, we find the jury’s verdict to be' supported by the evidence. Thus, we affirm.
BACKGROUND FACTS
¶ 2. On March 25, 2010, Carolyn Abadie was working at Book Mart in Starkville, Mississippi. She testified Robert Boyd came into the store and asked if she had gone to Starkville High. When she answered yes, Boyd said they had gone to school together. Boyd then asked to use the restroom. Abadie assented, and Boyd went to the other side of the store near the clothing merchandise. Abadie remembered Boyd later leaving without stopping to talk to her or paying for anything.
¶ 3. When Abadie came to work the next day, another employee had checked for empty clothing hangers, as Book Mart employees did each morning as a means of inventory control. The employee noticed two empty hangers on a rack of Cutter and Buck shirts. The facility manager, Jeff Foster, reviewed the surveillance video from March 25. The video showed a man roll up two shirts, stuff them in his pants, and replace the empty hangers on the rack. The man looked around to see if he was being observed, then left the store. The video was played for the jury, and Abadie identified Boyd as the shoplifter.
¶ 4. Boyd’s indictment charged him with shoplifting in violation of Mississippi Code Annotated section 97-23-93(1) (Rev. 2006). *654 The indictment charged Boyd had already twice been convicted of shoplifting, meaning if convicted for a third time Boyd would be guilty of a felony. Miss.Code Ann. § 97-23-93(6) (Rev. 2006). Boyd was also charged as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2007), based on two previous felony-shoplifting convictions.
¶ 5. The jury found Boyd guilty of felony shoplifting. And the circuit court sentenced him as a habitual offender to five years in the custody of the Mississippi Department of Corrections, without eligibility for weekend passes, parole, probation, or early release of any kind.
¶ 6. After an unsuccessful motion for a new trial, Boyd timely appealed.
MOTION FOR NEW TRIAL
¶7. Boyd argues the trial court erred by denying his motion for new trial. We review the denial of a post-trial motion for abuse of discretion. Howell v. State, 860 So.2d 704, 764 (¶ 212) (Miss.2003). “A motion for new trial challenges the weight of the evidence.” Id. (quoting Edwards v. State, 800 So.2d 454, 464 (¶25) (Miss. 2001)). “[T]he evidence should be weighed in the light most favorable to the verdict.” Dilworth v. State, 909 So.2d 731, 737 (¶21) (Miss.2005) (quoting Bush v. State, 895 So.2d 836, 844 (¶ 18) (Miss.2005)). “Only in ‘exceptional cases in which the evidence preponderates heavily against the verdict’ should the trial court invade the province of the jury and grant a new trial.” Id. (quoting Amiker v. Drugs For Less, Inc., 796 So.2d 942, 947 (¶18) (Miss.2000)). “The verdict must be ‘so contrary to the overwhelming weight of the evidence that to allow it to stand would sanction an unconscionable injustice.’” Id. (quoting Bush, 895 So.2d at 844 (¶ 18)).
¶ 8. The crime of shoplifting is committed when “[a]ny person ... wilfully and unlawfully take[s] possession of any merchandise owned or held by and offered or displayed for sale by any merchant, store or other mercantile establishment with the intention and purpose of converting such merchandise to his own use without paying the merchant’s stated price[.]” Miss.Code. Ann. § 97-23-93(1). A third conviction for shoplifting is a felony. Miss.Code Ann. § 97-23-93(6).
¶ 9. Boyd does not contest the State’s evidence of his two previous felony-shoplifting convictions. Nor does he challenge the previous shoplifting convictions underlying the felony shoplifting charge in this case. Instead he claims his conviction for shoplifting on March 25, 2010 should be reversed because: (1) Abadie did not physically see Boyd take anything from the store; (2) the missing clothing was never recovered or admitted into evidence; and (3) the video did not clearly show the person on the video was Boyd.
¶ 10. Surveillance video from the Book Mart heist showed a man taking two shirts and concealing them in his pants. Abadie identified Boyd as the man in the video. And the next day employees found two empty hangers on the rack where Boyd had taken the shirts. Thus, the jury was free to draw the reasonable inferences that the video depicted Boyd shoplifting. See Pryor v. State, 771 So.2d 958, 960 (¶ 9) (Miss.Ct.App.2000) (citation omitted).
¶ 11. Viewing this evidence in the light most favorable to the verdict, we find the jury’s verdict is supported by the weight of the evidence. See Watson v. State, 939 So.2d 806, 810 (¶ 17) (Miss.Ct. App.2006) (finding jury’s guilty verdict sufficiently supported by surveillance video showing two people taking clothes and witness testimony identifying defendant as one of the people in the video). Therefore, *655 the trial court properly denied Boyd’s motion for new trial.
¶ 12. THE JUDGMENT OF THE OKTIBBEHA COUNTY CIRCUIT COURT OF CONVICTION OF FELONY SHOPLIFTING, THIRD OFFENSE, AND SENTENCE AS A HABITUAL OFFENDER TO FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO OKTIBBEHA COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, RUSSELL AND FAIR, JJ., CONCUR. CARLTON, J., CONCURS IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.