FAIR, J.,
for the Court:
¶ 1. One night in May 2010, Marquette Profeit awoke to a loud knocking on his apartment door in Columbus, Mississippi. Profeit looked out the window and saw a man he did not know, holding a .40 caliber handgun. Profeit called 911. When the authorities arrived, Officer Kenny Brewer observed David Bursey near the side of the apartment complex. Bursey supplied a false name to Officer Brewer. Bursey also stated that a friend had dropped him off in the area. When Officer Brewer attempted to search Bursey for weapons, Bursey fled. Bursey was eventually found at a nearby home. Police recovered two handguns, a Ruger and a Hi Point, near the side of the apartment complex where Bursey was first seen. Both were .40 caliber pistols. A black t-shirt and overs-hirt were also found around the same area. At trial, Profeit identified Bursey as the armed man he had-seen outside his apartment.
¶ 2. In his own defense, Bursey testified that after leaving a party in Starkville, he took the wrong exit on the way back to Tupelo and ran out of gas in search of a service station. Bursey also testified that when Officer Brewer attempted to pat him down, he fled because he had old fines and a child support warrant. Bursey denied possessing a firearm at any point that night.
¶ 3. The jury acquitted Bursey of attempted burglary and possession of the Ruger .40 caliber, but it convicted Bursey of possession of the Hi Point .40 caliber by a convicted felon. On appeal, Bursey argues that the trial court erred in giving a flight instruction and refusing a circumstantial evidence instruction. Bursey also contends his trial counsel was ineffective and that there was insufficient evidence to support a possession conviction. Finding no reversible error, we affirm.
*535 DISCUSSION
1. Flight Instruction
¶ 4. Bursey argues on appeal that a flight instruction should not have been given, because his flight was explained and the instruction was prejudicial. However, Bursey is proeedurally barred from raising this point of error. At trial Bursey contended that the flight instruction was improper because a flight instruction is only appropriate if the defendant knows he is being charged with a crime. Now Bursey objects on different grounds.
¶5. “Asserting grounds for an objection on appeal that differ[ ] from the ground given for the objection at the trial level does not properly preserve the objection for appellate review.” Woodham v. State, 779 So.2d 158,161 (¶ 12) (Miss.2001). “[T]o preserve a jury instruction issue on appeal, a party must make a specific objection to the proposed instruction in order to allow the lower court to consider the issue.” Crawford v. State, 787 So.2d 1236, 1244-45 (¶ 35) (Miss.2001).
¶ 6. Due to Burse/s failure to specifically object on these grounds at trial, this issue is proeedurally barred.
2. Circumstantial Evidence Instruction
¶ 7. Bursey also contends that the trial court erred in refusing a circumstantial evidence instruction. A defendant is entitled to a circumstantial evidence instruction “only when the case against him is based entirely on circumstantial evidence, as opposed to direct evidence.” Grayer v. State, 120 So.3d 964, 968 (¶ 11) (Miss.2013). “Direct evidence includes an eyewitness to the gravamen of the offense charged.” Id.
¶ 8. Profeit awoke to a loud knocking at his dopr. He twice looked out of his window and, at trial, identified Bursey as the man outside his apartment holding a .40 caliber handgun. This eyewitness testimony is sufficient direct evidence to refuse a circumstantial evidence instruction.
3. Ineffective Assistance of Counsel
¶ 9. Bursey claims that his trial counsel was ineffective for failing to properly object to the flight instruction. If “the Court is unable to conclude from the record on appeal that defendant’s trial counsel was constitutionally ineffective, the Court should then proceed to decide the other issues in the case.” Read v. State, 430 So.2d 832, 841 (Miss.1983). The defendant may file a post-conviction proceeding raising the ineffective assistance issue. Id.
¶ 10. Ineffective assistance of counsel issues are generally not reviewed on appeal. Shumaker v. State, 956 So.2d 1078, 1084 (¶ 10) (Miss.Ct.App.2007). The Court may consider the ineffective assistance of counsel claim if: “(1) the record affirmatively shows ineffectiveness of constitutional dimensions, or (2) the parties stipulate that the record is adequate to allow the appellate court to make the finding without consideration of the findings of fact of the trial judge.” Id.
¶ 11. Neither criterion has been satisfied in this case. Bursey’s claim of ineffective assistance of counsel is dismissed without prejudice so that he may raise his claim in a properly filed motion for post-conviction relief, if he so chooses.
4. Sufficiency of the Evidence
¶ 12. Bursey contends that the State presented insufficient evidence to convict Bursey of possession of a firearm by a convicted felon.
¶ 13. The Court must determine whether any rational juror could have found that the State had proved each *536 element of the crime charged beyond a reasonable doubt. Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005). The evidence must be viewed in the light most favorable to the State. Id.
¶ 14. Section 97-37-5(1) of the Mississippi Code Annotated (Supp.2013) states: It shall be unlawful for any person who has been convicted of a felony under the laws of this state, any other state, or of the United States to possess any firearm ... unless such person has received a pardon for such felony, has received a relief from disability pursuant to Section 925(c) of Title 18 of the United States Code, or has received a certificate of rehabilitation pursuant to subsection (3) of this section.
¶ 15. It is undisputed that Bursey was a previously convicted felon, and direct evidence was admitted in the form of Profeit’s eyewitness testimony that he clearly saw Bursey outside his apartment holding a .40 caliber handgun. Bursey also ran from Officer Brewer when Officer Brewer attempted to search Bursey for a weapon. A Hi Point .40 caliber pistol was found at the south end of Profeit’s apartment building along with a black shirt.' Both Profeit and Officer Brewer testified that Bursey was wearing a dark colored shirt, and Bur-sey was shirtless when he was found at a nearby house.
¶ 16. Although Bursey claims that the State failed to present sufficient evidence of the serial number of the Hi Point alleged in the indictment, this contention is without merit. “The particular attributes of a firearm are not actual elements of the offense.” United States v. Jackson, 596 F.3d 236, 244 (5th Cir.2010). There was sufficient direct and circumstantial evidence for the jury to convict Bursey of being a felon in possession of a firearm.
¶ 17. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF POSSESSION OF A WEAPON BY A PREVIOUSLY CONVICTED FELON AND SENTENCE OF TEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITH SIX YEARS TO SERVE, FOUR YEARS SUSPENDED, AND FOUR YEARS OF POST-RELEASE SUPERVISION, AND TO PAY A $5,000 FINE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ„ CONCUR.